UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Russell A. Colbeth

   v.                                                  Civil No. 15-cv-228-PB

Stacie Colbeth et al.

**REPORT AND RECOMMENDATION**

Russell A. Colbeth has filed this action alleging that defendants violated his rights under state law. The Complaint (doc. no. 1) is before the court for preliminary review to determine, among other things, whether this court has subject matter jurisdiction in this matter. See 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Standard for Preliminary Review**

In conducting preliminary review, the Court construes pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions in the pleading, the court considers whether the factual content in the pleading, and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009)).

## Discussion

Colbeth alleges that defendants have slandered him, committed malpractice, denied him access to the internet, shut down his phone, and hacked into his phone and "files on a new product [he] developed." Colbeth seeks to proceed under this court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332, on the basis that the dispute "involves several defendants from different states" and seeks damages in excess of $75,000. Section 1332 grants this Court original jurisdiction over any civil action where the amount in controversy exceeds $75,000, and the parties are citizens of different states. See id. at § 1332(a).

Federal courts are "'courts of limited jurisdiction.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The presumption is that a federal court lacks jurisdiction. Kokkonen, 511 U.S. at 377. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id. If the court lacks subject matter jurisdiction over the matter, the

2

court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

To invoke the diversity jurisdiction of this court, plaintiff is required to show that the parties are completely diverse, i.e., that no defendant resides in the same state as he does. See 28 U.S.C. § 1332(a); <u>Alvarez-Torres v. Ryder Mem'l Hosp., Inc.</u>, 582 F.3d 47, 53-54 (1st Cir. 2009). Colbeth is a Massachusetts resident. Three of the defendants Colbeth has named in this action are also Massachusetts residents. Accordingly, Colbeth has not demonstrated complete diversity of the parties in this matter. Because Colbeth has not asserted claims within this court's subject matter jurisdiction, the district judge should dismiss the complaint without prejudice for lack of jurisdiction.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss the complaint (doc. no. 1) without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d

52, 57 (1st Cir. 2011).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 29, 2015

cc: Russell A. Colbeth, pro se